|,KLEES, Chief Judge.

WRIT GRANTED

Joan Gravley and her son Kevin filed a medical malpractice action against Dr. Lawrence Giambelluca, several nurses, and F. Edward Hebert Hospital for injuries received by Kevin when he jumped from a window in the Chemical Dependency Unit at the hospital, where he had been admitted after a suicide attempt. Plaintiffs settled their claims against Dr. Giambelluca for $100,000, and they thereafter named the Patient’s Compensation Fund (PCF) as a party. The PCF objected to the settlement on the grounds that it cannot be held liable to plaintiffs because their damages were the result of Kevin’s intentional acts and of parties other than the PCF. The trial court approved the settlement, and plaintiffs moved to strike the PCF’s objection to settlement on the grounds that the PCF could not contest liability once plaintiffs settled with Dr. Giambelluca. The trial court granted the motion to strike.
The PCF complains that the trial court erred in granting the motion to strike the allegations made in its opposition to the settlement between plaintiffs and Dr. Gi-ambelluca. The PCF argues that under Graham v. Willis-Knighton Medical Center, 97-0188 (La.9/9/97), 699 So.2d 365, plaintiffs must still prove Dr. Giambellu-ca’s fault was the cause-in-fact of Kevin’s damages in excess of $100,000 and that it can still assert Kevin’s own comparative fault as a defense.
In Pendleton v. Barrett, 95-2066 (La.5/31/96), 675 So.2d 720, the Supreme Court addressed the issue of the burden of proving a causal relationship between the fault statutorily admitted by virtue of a *161 settlement for $100,000 and the damages claimed by the plaintiff. The court found that when a health care provider admits liability by settling for $100,000, the plaintiff was relieved of the obligation of proving a causal connection between the admitted [¿malpractice and the plaintiffs original and primary harm. But if the plaintiff was asserting claims for secondary damages, then he had the burden of proving that the secondary harm was caused by medical negligence. The court remanded the case for a hearing to have the trial judge distinguish between the original or apparent harm and the secondary harm.
In Graham, the Supreme Court reconsidered its ruling in Pendleton and stated:
On reconsideration, we choose not to adhere to the Pendleton pre-trial procedure, but to refocus on which party has the burden of proving causation at trial. We now conclude that the legislative intent of “liability” in Section 1299.44 C(5) was that the payment of $100,000 in settlement establishes proof of liability for the malpractice and for damages of at least $100,000 resulting from the malpractice, which is a very significant benefit to the medical malpractice victim. However, at the trial against the Fund [PCF], the plaintiff has the burden of proving that the admitted malpractice caused damages in excess of $100,000.
Id., 97-0188 at p. 15, 699 So.2d at 872.
In reasons for judgment, the trial judge quoted the above passage from Graham and stated:
In light of the jurisprudence, this Court finds that the plaintiffs are relieved from the burden of proving causation. The payment of the $100,000 serves as an admission of liability for medical malpractice and for damages of at least $100,000 resulting from the malpractice. The plaintiffs are therefore left with the burden of proving that the admitted malpractice caused damages in excess of $100,000. As such, the plaintiffs only have to prove that the damages were in excess of the $100,000 that has already been paid, the plaintiffs do not have to prove that the malpractice was the cause-in-fact of the those damages. (Emphasis in original).
We find that the trial judge misinterpreted Graham in concluding that plaintiffs do not have to prove that Dr. Giam-belluca’s admitted malpractice caused their damages in excess of $100,000. Accordingly, the PCF is entitled to assert comparative fault of plaintiffs and others so that the jury can apportion the damages at trial. Therefore, we reverse that portion of the December 1, 1997 judgment disallowing the assertion of comparative fault of plaintiff or other parties in determining the amount of damages attributable to the PCF and remand for further proceedings.